## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JAPAN BUS LINES, LLC, | Civil Case No. CV0514-20 |
| Plaintiff, | |
| v. | DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF MOTION FOR SUMMARY JUDGMENT |
| H.I.S. GUAM, INC., | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on June 13, 2022 for hearing on Plaintiff Japan Bus Lines, LLC's ("Plaintiff's") Motion for Reconsideration of Decision and Order Denying Plaintiff's Motion for Summary Judgment ("Motion for Reconsideration"). Attorney Joseph Razzano represents Plaintiff, and Attorney Phillip Torress represents H.I.S. Guam, Inc. ("Defendant"). Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Plaintiff's Motion for Reconsideration.

## BACKGROUND

On July 23, 2020 Plaintiff filed a Complaint for Breach of Contract against Defendant. See Complaint for Breach of Contract ("Complaint") (Jul. 23, 2020). Defendant provides tour services for tourists visiting Guam, and in December of 2012, the parties entered into a contract in which Plaintiff was to provide bussing services for Defendant's customers. Id. at 2. Under the terms of this contract, Defendant was to pay Plaintiff two hundred twenty-three thousand dollars ($223,000.00) per month. Id. at 3. The contract was set to expire on March 31, 2021. Id. at 2.

However, in April, 2020, Defendant informed Plaintiff they were no longer willing to pay the amounts due under the contract. Id. at 4. Defendant asserted a frustration of purposes defense, claiming that the Covid-19 pandemic excused their non-performance. See Opposition to Plaintiff's Motion for Summary Judgment at 6-8 (Oct. 19, 2021). Defendant's tour services cater primarily towards foreign tourists, and this market dropped considerably with the arrival of the Covid-19 pandemic on Guam in March, 2020.

Plaintiff subsequently terminated the contract on May 27, 2020, deeming Defendant's non-payment a material breach. See Complaint at 4 (Jul. 23, 2020). Plaintiff requested $1,076,324.21 in damages. Id. at 5.

On September 16, 2021, Plaintiff filed their Motion for Summary Judgment. Plaintiff requested summary judgment, claiming there was no genuine dispute over whether or not Defendant breached the contract. See Motion for Summary Judgment at 2-5 (Sep. 16, 2021). Plaintiff also claimed that Defendant cannot use a frustration of purposes defense to void the contract, believing Defendant implemented it as a sword rather than as a shield. Id. at 5-7.

On March 9, 2022, the Court denied Plaintiff's Motion for Summary Judgment. See Decision and Order (Mar. 9, 2022). The Court based its decision on Plaintiff's insufficiencies in calculating damages, and on Defendant's proper use of the frustration of purposes defense. Id. at 5-7.

On April 8, 2022, Plaintiff filed their Motion for Reconsideration. Plaintiff believes the Court erred by considering extrinsic evidence outside the contract's text when determining whether the contract's purpose was in material factual dispute. See Motion for Reconsideration at 4-5 (Apr. 8, 2022). Plaintiff argued that had the Court looked solely at the contract's text, it would have unambiguously identified the contract's purpose. Id. at 5-6. Plaintiff further argued that Defendant provided no probative evidence disputing the contract's purpose, which is otherwise required to support their frustration of purposes defense. Id. at 6-8. Plaintiff goes on to argue Defendant cannot base their frustration of purposes defense on the Covid-19 pandemic because the pandemic was foreseeable. Id. at 9-10.

On May 10, 2022, Defendant submitted their Opposition to Motion for Reconsideration & Request for Attorney's Fees ("Opposition"). Defendant argued no dispute exists about the contract's purpose, but that other elements of their frustration of purposes defense remain genuine issues in material factual dispute (*i.e.*, whether the contract's basic purpose was destroyed by the Covid-19 pandemic, whether the Covid-19 pandemic was foreseeable, etc.). See Opposition at 4 (May 10, 2022). Defendant then accuses Plaintiff of rehashing its previous Motion for Summary Judgment while presenting no new evidence. Id. at 4-5. Defendant concludes by requesting attorney fees for what they deem a "frivolous motion". Id. at 6.

On May 20, 2022, Plaintiff submitted their Reply to Opposition ("Reply"). Plaintiff reiterated that the Court's analysis must start with the contract's text when determining whether a party's purpose in entering the contract was frustrated. See Reply at 3-4 (May 20, 2022). Plaintiff further reiterates that Defendant provided no probative evidence supporting their frustration of purpose defense, and that the Court wrongly relied on Defendant's pleadings. Id. at 4-5.

The Court held a hearing on June 13, 2022. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

### I. Legal Standards:

#### a. For Reconsideration:

GRCP 60(b), in relevant part, states:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

Amendments to previous orders are an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." See *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). However, reconsideration is appropriate when "the trial court... committed clear error." See *Waathdad v. Cydred, Ltd.*, 2021 Guam 24 ¶ 36.

**b. For Summary Judgment:**

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See *Hawaiian Rock Products Corp. v. Ocean Housing, Inc.*, 2016 Guam 4 ¶ 26 (quoting Guam R. Civ. P. 56(c)) (internal quotations omitted). "Genuine issues" are factual disputes requiring resolution by a fact-finder. See *Hayle v. Hemlani*, 2000 Guam 25 ¶ 20. "Material facts" are those "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." Id. at ¶ 20.

The court "must view the evidence and draw inferences in the light most favorable to the non-movant." Id. at ¶ 21 (internal citation omitted). "If the movant can demonstrate there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint." Id. at ¶ 21 (internal citation omitted).

**c. For Frustration of Purposes Defense:**

Under the frustration of purposes defense, "where, after a contract is made, a party's principal purpose is substantially frustrated without his fault by the occurrence of an event, the nonoccurrence of which was a basic assumption on which the contract was made, his remaining duties to render performance are discharged, unless the language or circumstances indicate to the contrary." See Restatement (Second) of Contracts § 261 (1981). However, "in order for the doctrine of frustration to apply, the purpose that is frustrated must have been a principal purpose of the party in making the contract, and the frustration must be so substantial and severe that it is not fairly to be regarded as within the risks that he assumed under the contract." Id.

When determining whether a contract's basic purpose was substantially frustrated, the Court's analysis begins with the "plain language... expressed within

the four corners" of the contract's text. See *Palmer v. Mariana Stones Corp.*, 2021 Guam 5 at ¶ 33. Extrinsic evidence outside the contract's text may only be used to clarify and resolve ambiguous written contracts. See *Wasson v. Berg*, 2007 Guam 16 at ¶ 11.

**II. Defendant has properly used the frustration of purposes defense, creating genuine issues of material fact for a factfinder to determine.**

**a. The Court erred when classifying the contract's purpose as being in material factual dispute.**

The Court was incorrect when making its previous statement that "the parties clearly dispute the purpose of the contract, creating a material dispute of fact to be resolved by a factfinder." See Decision and Order at 7 (May 9, 2022). The Court should have first scanned the contract's language to determine the contract's basic purpose, and whether that purpose was frustrated or not. See *Palmer v. Mariana Stones Corp.*, 2021 Guam 5 at ¶ 33.

**b. Scanning the contract's text reveals the contract's principal purpose of providing for the delivery of transportation services to Defendant's customer base.**

Scanning all corners of the contract's text, it becomes clear that the contract's main purpose was for Plaintiff to "provide bus services, together with chauffeurs and drivers to transport H.I.S. customers on a shopping tour." See Complaint, Ex. A at 1 (Jul. 23, 2020). Both parties agree this is the contract's main purpose. See Motion for Reconsideration at 5 (Apr. 8, 2022); Opposition at 3 (May 10, 2022).

**c. Genuine issues of material factual dispute exist concerning whether the contract's principal purpose was substantially/severely frustrated, and whether the Covid-19 pandemic was reasonably foreseeable.**

Having determined the contract's main purpose, the Court now reexamines whether this purpose was substantially frustrated by the Covid-19 pandemic and whether the pandemic was a reasonably foreseeable risk.

When the pandemic hit Guam, the Island declared a Public Health Emergency, which still remains in effect over two years later. See Executive Orders 2020-03, 2022-14. Foreign countries effectively closed their borders to Guam, and the tourist market, alongside Defendant's customer base, completely disappeared in a matter of days. See Opposition to Motion for Summary Judgment at 5 (Oct. 19, 2021). The main reason for entering the contract ceased to exist, as there were no longer H.I.S. customers to provide bussing services for.

Defendant also asserts that neither party foresaw the onset of the Covid-19 pandemic or Guam's implementation of stringent social distancing policies. Id at 8. "Courts look at all circumstances, including the terms of the contract" when determining whether a particular event's nonoccurrence was a basic assumption on which a contract was made. See AGW Sono Partners, LLC v. Downtown Soho, LLC, 343 Conn. 309, 327 (Conn. 2022). Within this contract, there was no mention whatsoever of crisis situations beyond the party's control.

Defendant's pleadings sufficiently raise genuine issues of material factual dispute over (1) whether the contract's principal purpose was substantially/severely frustrated, and (2) whether the source of that frustration was reasonably foreseeable. Summary judgment is therefore inappropriate, as a factfinder must evaluate the evidence to rule on these material elements of the defense.

III. **Plaintiff does not need to pay for Defendant's attorney's fees because Plaintiff brought the Motion for Reconsideration in good faith.**

The Court now addresses Defendant's request for attorney's fees. If a motion for summary judgment or any affidavits supporting the motion are brought "in bad faith or solely for the purpose of delay... the court shall... order the party... to pay to the other party... reasonable attorney's fees." See GRCP Rule 56(g).

The Court agrees with Defendant that much of the Motion for Reconsideration is a rehash of Plaintiff's previous Motion for Summary Judgment. For example, Plaintiff challenges whether the contract's purpose was frustrated, despite the Court having already

ruled affirmatively on that issue. See Motion for Reconsideration at 7-8 (Apr. 8, 2022); Decision and Order at 6-7 (Mar. 9, 2022). Plaintiff also never challenged the Court's ruling on damage calculations. It's unclear why Plaintiff still thinks summary judgment is appropriate given the obvious material factual dispute surrounding damages. See Decision and Order at 5-6 (Mar. 9, 2022).

However, the Court still believes Plaintiff brought their Motion for Reconsideration in good faith. Plaintiff was correct that the Court should have begun its analysis within the four corners of the parties' contract before classifying the contract's purpose as a material factual dispute. Plaintiff correctly pointed to the appropriate legal standard for determining a contract's purpose, and ensured that the Guam Supreme Court's precedent be followed.

Following this process would not have changed the Court's ruling, as the Court still finds material factual disputes exist about whether the contract's purpose was frustrated, whether the Covid-19 pandemic was foreseeable, and whether the damages were accurately calculated. However, Plaintiff was not acting in bad faith when simply making an effort to ensure that precedent is followed.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion.

- Summary judgment is not appropriate because several elements of Defendant's frustration of purposes defense remain in material factual dispute (*i.e.*, whether the contract's purpose was frustrated, whether the Covid-19 pandemic was foreseeable). Damages suffered also continue to remain in material factual dispute.

- Plaintiff is not liable for Defendant's attorney's fees incurred while preparing for and arguing this Motion for Reconsideration.

**IT IS SO ORDERED** this ___August 16, 2022___

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
*GAZ AN*
*TAVES*

Date: _____ Time: __8/1u/22__

__Joseph Bamba, Jr.__
Deputy Clerk, Superior Court of Guam

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Plaintiff's Motion for Reconsideration of Motion for Summary Judgment
CV0514-20, *Japan Bus Lines, LLC v. H.I.S. Guam, Inc.*
Page 7 of 7